Da v. Holder

BIA
A 200 121 996

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of January, two thousand ten.

PRESENT:
> ROBERT D. SACK,
> BARRINGTON D. PARKER,
> REENA RAGGI,
> > *Circuit Judges*.

———————————————————————————

WENG SHENG DA, also known as SHENG DA WENG,
> *Petitioner*,

v.

ERIC H. HOLDER, JR.,[1] United States Attorney General,
> *Respondent*.

08-5639-ag
NAC

———————————————————————————

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR PETITIONER:          Lee Ratner, New York, New York.

FOR RESPONDENT:          Michael F. Hertz, Acting Assistant
                         Attorney General; William C.
                         Peachey, Assistant Director; Jem C.
                         Sponzo, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Weng Sheng Da, a native and citizen of China, seeks review of the October 31, 2008 order of the BIA denying his motion to reopen. *In re Weng Sheng Da, a.k.a. Sheng Da Weng*, No. A 200 121 996 (B.I.A. Oct. 31, 2008). We review the BIA's denial of a motion to reopen for abuse of discretion, mindful that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). In doing so, we assume the parties' familiarity with the underlying facts and the record of prior proceedings, which we reference only to the extent necessary to explain our decision.

Under 8 C.F.R. § 1003.2(c)(1), "[a] motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief." Despite Da's assertion to the contrary, the

2

plain language of § 1003.2(c)(1) makes clear that submission of the appropriate application for relief is mandatory, not permissive.  *See* 8 C.F.R. § 1003.2(c)(1)(utilizing "must" rather than "may"); *see also Photopaint Techs., LLC v. Smartlens Corp.*, 335 F.3d 152, 156 (2d Cir. 2003) (characterizing "must" as mandatory verb and "may" as permissive verb).  Accordingly, because Da failed to file an asylum application with his motion to reopen, the BIA's denial of the motion was not an abuse of discretion.  *See, e.g., Waggoner v. Gonzales*, 488 F.3d 632, 638-39 (5th Cir. 2007).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3