11-328-ag
Ali v. Holder

BIA
A095 423 710

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of May, two thousand twelve.

PRESENT:
> RALPH K. WINTER,
> REENA RAGGI,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

USMAN ALI,
> *Petitioner,*

> v.                                    11-328-ag
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Amy Nussbaum Gell, Gell & Gell, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Susan K. Houser, Senior Litigation Counsel; Francis W. Fraser, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Usman Ali, a native and citizen of Pakistan, seeks review of a December 29, 2010 decision of the BIA denying his motion to reopen his removal proceedings. *In re Ali*, No. A095 423 710 (B.I.A. Dec. 29, 2010). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

In its decision denying Ali's motion to reopen, the BIA determined that Ali had not satisfied the regulatory requirements for reopening removal proceedings because he had failed to submit an application for relief with his motion. Ali does not challenge this determination on appeal. Under 8 C.F.R. § 1003.2(c)(1), "[a] motion to reopen proceedings for the purpose of submitting an application for relief *must* be accompanied by the appropriate application for relief and all supporting documentation." 8 C.F.R. § 1003.2(c)(1) (emphasis

2

supplied). "[T]he plain language of § 1003.2(c)(1) makes clear that submission of the appropriate application for relief is mandatory, not permissive." *Weng Sheng Da v. Holder*, No. 08-5639-ag, 363 Fed. App'x 70, 70 (2d Cir. Jan. 27, 2010) (summary order). Accordingly, because Ali failed to file an asylum application with his motion to reopen, the BIA's denial of the motion was not an abuse of discretion. *Id.; accord Lin Xing Jiang v. Holder*, 639 F.3d 751, 757 (7th Cir. 2011); *Palma-Mazariegos v. Keisler*, 504 F.3d 144, 147 (1st Cir. 2007); *Waggoner v. Gonzales*, 488 F.3d 632, 638-39 (5th Cir. 2007). As a separate matter, we have considered Ali's arguments on appeal and conclude that, even had he submitted the required application, his appeal would fail: the BIA did not abuse its discretion in denying Ali's motion on the merits.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk